IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EARL W. HALL                                                                                        PLAINTIFF

V.                              NO. 11-5176

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Earl W. Hall, appealed the Commissioner's denial of benefits to this Court.  On September 17, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 9). Plaintiff now moves for an award of $3,783.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 22.15 attorney hours of work performed before the Court in 2011 and 2012, at an hourly rate of $170.00.  Plaintiff also seeks $18.00 for regular postage, certified mail, and photocopies.  (Doc. 10-2).  Defendant has filed a response, stating that he does not oppose the requested hourly rate sought, but does object to the excessive number of hours Plaintiff's counsel is requesting.  (Doc.13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $170.00 for 22.15 hours, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-South - Urban in support of her requested hourly rate.  The Court finds that the CPI -South index supports an award based upon an hourly rate of $170.00.[2]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

Defendant objects to certain requests for compensation for similar tasks performed at the administrative level, such as:

    6/22/11        Receipt and initial preliminary review of AC
                          denial dated 5/25/2011; memo to file regarding

---

[2]Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South)= $173.34/hour - $173.00
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00

|         |                                                                                                                                                                                                          |      |
|---------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|         | specific potential appeals points for federal district court complaint.                                                                                                                                  | 1.00 |
| 7/17/11 | Attorney review of file for merits of federal appeal; review of the unfavorable decision; review of the medical evidence and non-medical evidence; review of the hearing notes; memo to database file    | 1.75 |
| 7/12/11 | Client office consult to complete IFP and original placed in file                                                                                                                                        | 50   |
| 7/25/11 | Client office consult to complete IFP again for new complaint package                                                                                                                                    | .50  |

Time spent at the administrative level is not compensable under the EAJA. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). The Court believes the entry dated 6/22/11 constitutes work done at the administrative level, but that the other entries contain tasks that were performed at this court level. Accordingly, the Court recommends 1.00 hour be deducted.

Defendant objects to the following tasks, arguing they are clerical in nature:

|          |                                                                                                      |      |
|----------|------------------------------------------------------------------------------------------------------|------|
| 7/25/11  | Phone conference with Court Clerk regarding location of complaint package that was lost in mail      | .50  |
| 7/29/11  | ECF emails, routing of service of process, letter to client                                          | .25  |
| 10/3/11  | SOP drafted and mailed via certified mail to Commissioner, US Attorney and attorney general; Memo    | 1.00 |
| 10/10/11 | Green card to US Attorney received back; Routed and reviewed                                         | .05  |
| 10/13/11 | Green card to Michael J. Astrue received back; Routed and reviewed                                   | .05  |
| 10/13/11 | Green card to Attorney General received back; Routed and reviewed                                    | .05  |
| 12/7/11  | ...Scheduling order received and processed; Deadline; letter to client, memo to database file       | 1.00 |
| 1/5/12   | Claimant's brief filed via federal website                                                           | .50  |

The Court agrees that these tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The

Court therefore recommends that 3.4 hours be deducted.

Plaintiff's counsel requests $18.00 for "Regular postage, certified mail, and photocopies." In <u>Daniels v. Astrue</u>, No. 10-5219 (Aug. 21, 2012), based on Defendant's objection, this Court found that Plaintiff was not entitled to recover for copying costs under the EAJA. As the Court is unable to determine which part of the $18.00 was spent for copying costs, the Court therefore recommends that the entire amount of $18.00 be deducted. Plaintiff's counsel should, in the future, be careful to itemize these items, as Plaintiff's counsel would be able to recover the amount spent on postage.

The Court notes that Plaintiff's counsel seeks compensation for 2.00 hours of time spent in preparation of her EAJA motion, brief, and itemization, and final federal review. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court therefore recommends that 1 hour be deducted.

Based upon the foregoing, the Court hereby recommends that Plaintiff's counsel be awarded attorney's fees under the EAJA for: 16.75 hours ( 22.15 hours less 5.4 hours) at an hourly rate of $170.00 for work performed in 2011 and 2012, for a total award of $2,847.50. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account

AO72A
(Rev. 8/82)

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**